

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| TAMI SKROVIG, as Personal Representative of the Estate of THOMAS JEFFREY SKROVIG, deceased, | \* \* \* \* \* | CIV. 10-4022 |
| Plaintiff, | \* \* | |
| vs. | \* \* | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| BNSF RAILWAY COMPANY, a Delaware corporation, | \* \* \* | |
| Defendant. | \* \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Tami Skrovig, Personal Representative of the Estate of Thomas Jeffrey Skrovig, for the Complaint, states and alleges as follows:

## THE PARTIES

1. Plaintiff Tami Skrovig, duly appointed Personal Representative of the Estate of Thomas Jeffrey Skrovig, is, and at all times herein material was, a resident of Minnehaha County, State of South Dakota.

2. Defendant BNSF Railway Company ("Defendant"), is, and at all times herein material was, a Delaware corporation authorized to do business in the State of South Dakota.

3. At all times herein material, Defendant was a corporation engaged in the business of owning, maintaining, and operating a line and system of railroad which extended in part through Minnehaha County, State of South Dakota.

## JURISDICTION AND VENUE

4. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391(a).

## FACTUAL BACKGROUND

6. On or about August 21, 2007, Thomas Jeffrey Skrovig was traveling in a motor vehicle Southbound on 465 Ave. in Minnehaha County, South Dakota in a direction approaching Defendant's railroad tracks in Minnehaha County.

7. Contemporaneously, a railway maintenance vehicle owned and operated by Defendant known as a Kershaw Ballast Regulator, Model 46-2 ("Ballast Regulator"), was traveling Westbound on Defendant's railroad tracks in Minnehaha County in a direction approaching the tracks' intersection with 465 Ave ("the public crossing").

8. As the vehicle operated by Thomas Jeffrey Skrovig entered the public crossing, the vehicle was struck on the driver's side by the Ballast Regulator, and Thomas Jeffrey Skrovig was fatally injured.

9. At all times herein material, the railroad crossing at which the above stated collision occurred was owned, operated and maintained by Defendant.

10. At all times herein material, the Ballast Regulator was owned, operated and maintained by Defendant.

11. At all times herein material, the operator of the Ballast Regulator, Dwight Rex Wise, was an agent, servant, and employee of Defendant, acting within the course and scope of his employment.

## **WRONGFUL DEATH**

12. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 11, as if fully set forth herein.

13. Defendant knew, or in the exercise of ordinary prudence and care should have known, that the public crossing was dangerous by reason of the obstruction of the view at the public crossing.

14. Defendant knew, or in the exercise of ordinary prudence and care should have known, that a signal or warning should be given to the general public that Defendant intended the Ballast Regulator to travel through the public crossing, and that the public crossing lacked any such signal or warning which would give reasonable notice to the general public of the approach of the Ballast Regulator.

15. Defendant had a duty while moving and operating the Ballast Regulator across or near the public crossing to keep a proper lookout and to give due and proper signal or warning of the Ballast Regulator's approach to the public crossing, so as to avoid causing injuries and damages to persons passing over and across the public crossing.

16. At the time and place stated above, Defendant, acting by and through its servants, agents, and employees, breached its duty by carelessly, recklessly, and negligently operating its Ballast Regulator in the following particulars:

   a. By moving and operating the Ballast Regulator as it approached the public crossing while failing and neglecting to provide or maintain any reasonable form of signal or warning for the purpose of warning the general public of the approach of the Ballast Regulator;

  b. By moving and operating the Ballast Regulator as it approached the public crossing while failing to act in compliance with its own policy of stationing employees at railroad crossings prior to the approach of the Ballast Regulator for the purpose of warning the general public of the approach of the Ballast Regulator;

  c. By moving and operating the Ballast Regulator at an unsafe speed as it approached the public crossing;

  d. By failing to keep the Ballast Regulator under proper control or any control sufficient to avoid collision with Thomas Jeffrey Skrovig's vehicle at the public crossing;

17. Defendant's negligence was the direct and proximate cause of the death of Thomas Jeffrey Skrovig.

18. As a direct and proximate result of the negligence of Defendant, Thomas Jeffrey Skrovig's surviving wife and children have suffered, and in the future will suffer, the loss of past and future income, benefits, and household services, in an amount to be determined at trial.

19. As a direct and proximate result of the negligence of Defendant, Thomas Jeffrey Skrovig's surviving wife and children have suffered, and in the future will suffer, loss of pecuniary benefits they would have received, including, but not limited to, the society, companionship, affection, assistance, advice, aid, guidance, and support of Thomas Jeffrey Skrovig, in an amount to be determined at trial.

20. As a direct and proximate result of the negligence of Defendant, Thomas Jeffrey Skrovig's surviving wife and children have incurred funeral and burial expenses associated with the death of Thomas Jeffrey Skrovig, in an amount to be determined at trial.

WHEREFORE, Tami Skrovig, as Personal Representative of the Estate of Thomas Jeffrey Skrovig, prays for relief as follows:

A.  That the Court and jury award damages against Defendant in an amount to fully compensate for the above-described damages;

B.  For prejudgment and post-judgment interest, costs, disbursements, and expenses;

C.  For such other and further relief as deemed just and equitable under the circumstances.

Dated at Sioux Falls, South Dakota, this 16th day of March, 2010.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

/s/ Shane Eden
Edwin Evans
Mark W. Haigh
Shane E. Eden
206 West 14th Street
PO Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Facsimile: (605) 335-3639
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all questions of fact.

/s/ Shane Eden