UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| TAMI SKROVIG, as Personal Representative of the Estate of THOMAS JEFFREY SKROVIG, deceased, | \* \* \* \* | CIV. 10-4022 |
| Plaintiff, | \* \* | |
| vs. | \* \* | **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |
| BNSF RAILWAY COMPANY, a Delaware corporation, | \* \* \* | |
| Defendant. | \* \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff Tami Skrovig, as Personal Representative of the Estate of Thomas Jeffrey Skrovig, by and through her counsel of record, hereby requests Jury Instructions in the above-entitled matter.   Plaintiff reserves the right to withdraw and/or object to any of these requested jury instructions if the evidence presented at trial is not sufficient to support any of the Plaintiff's requested jury instructions.

Dated at Sioux Falls, South Dakota, this 12th day of March, 2012.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.


/s/ Shane E. Eden
Edwin E. Evans
Shane E. Eden
206 West 14th Street
P.O. Box 1030
Sioux Falls, SD 57101-1030
Telephone (605) 336-2880
Facsimile (605) 335-3639
eevans@dehs.com, seden@dehs.com
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

No. 1 – GENERAL:  NATURE OF CASE; BURDEN OF PROOF;
      DUTY OF JURY; CAUTIONARY
No. 2 – NATURE OF CASE
No. 3 – EVIDENCE; LIMITATIONS
No. 4 – BENCH CONFERENCES AND RECESSES
No. 5 – NO TRANSCRIPT AVAILABLE [NOTE-TAKING]
No. 6 – CONDUCT OF THE JURY
No. 7 – OUTLINE OF THE TRIAL
No. 8 – DUTIES OF JURY:  RECESSES
No. 9 – EXPLANATORY
No. 10– JUDGE'S OPINION
No. 11 – COMMON EXPERIENCE AND OBSERVATIONS
No. 12 – CREDIBILITY OF WITNESSES
No. 13 – FALSUS IN UNO, FALSUS IN OMNIBUS
No. 14 – DEPOSITIONS
No. 15 – EXPERT TESTIMONY - QUALIFICATIONS
No. 16 – ISSUES TO BE DETERMINED BY JURY – COMPARATIVE NEGLIGENCE
No. 17 – BURDEN OF PROOF
No. 18 – NEGLIGENCE - DEFINITION
No. 19 – QUANTUM OF CARE VARIES WITH DANGER
No. 20 – DUTY OF A RAILROAD
No. 21 – LEGAL CAUSE - DEFINITION
No. 22 – PRINCIPLE SUED BUT NOT AGENT – NOT ISSUE AS TO AGENCY
No. 23 – WRONGFUL DEATH OF AN ADULT
No. 24 – WRONGFUL DEATH – ACTION BY REPRESENTATIVE
No. 25 – ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS
      WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM
    PLAINTIFF'S VERDICT FORM

**Instruction No. 1**

Ladies and Gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

You must leave your cell phone, PDA, Blackberry, smart phone, I-phone and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are <u>not</u> allowed to have cell phones in the jury room during your deliberations. You may give the cell phone to the bailiff or deputy clerk for safekeeping just before you start to deliberate. It will be returned to you when your deliberations are complete.

This is a civil case brought by the plaintiff against the defendant. Thomas Jeffrey Skrovig was killed in an accident that occurred on August 21, 2007 involving a pickup truck and a railroad maintenance machine. The plaintiff Tami Skrovig, as the Personal Representative for the Estate of Thomas Jeffrey Skrovig, alleges that the defendant BNSF Railway Company negligently caused the wrongful death of her husband. The defendant denies that allegation. The defendant also alleges that the plaintiff's claim is barred by Thomas Skrovig's contributory negligence. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendant.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent or inconsistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Source:  Model Civ. Jury Inst. 8th Cir. 1.01 (2011) (modified)

**Instruction No. 2**

This is a civil case brought by Tami Skrovig, as the Personal Representative for the Estate of Thomas Jeffrey Skrovig, who is considered the plaintiff against BNSF Railway Company, who is the defendant. The subject matter of the case is a railroad grade crossing accident that occurred on August 21, 2007, involving a railroad maintenance machine operated by an employee of the defendant and a motor vehicle operated by Thomas Skrovig. The plaintiff alleges that on August 21, 2007, the defendant, through its employees, negligently caused the wrongful death of Thomas Skrovig. The defendant denies plaintiff's allegations. Defendant also alleges that plaintiff's claims are barred by the decedent's contributory negligence.

Source:          South Dakota Pattern Jury Instructions 1-10-20 (modified).

# Instruction No. 3

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties; and any facts that have been judicially noticed - that is facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Source:  Model Civ. Jury Inst. 8th Cir. 1.02 (2011) (modified)

**Instruction No. 4**

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Source:  Model Civ. Jury Inst. 8th Cir. 1.03 (2011)

**Instruction No. 5**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them on your chair.

When you leave at night, your notes will be secured and not read by anyone.

Source: Model Civ. Jury Inst. 8th Cir. 1.04 (2011)

**Instruction No. 6**

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to the bailiff or deputy clerk.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side - - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends and other people about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, claims, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case

with someone other than the other jurors during deliberations, it could create the perception that you have already decided the case or that you may be influenced in your verdict by their opinions.  That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried.  During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case.  Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, MySpace, YouTube, or Twitter, or in any other way communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own.  Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony.  Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.  In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any television or radio newscasts at all.  I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it.  If you want, you can have your spouse or a friend clip out any stories and set them aside to give to you after the trial is over.  I can assure you, however, that by the

time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. Remember, you have taken an oath to abide by these rules and you must do so. It is very important that you abide by these rules. Failure to follow these instructions may result in the case having to be retried and could result in your being held in contempt.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

**Instruction No. 7**

The trial will proceed in the following manner:

First, the plaintiff's attorney may make an opening statement. Next, the defendant's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for the defendant may cross-examine. Following the plaintiff's case, the defendant may present evidence and plaintiff's counsel may cross-examine.

After the presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

Model Civ. Jury Inst. 8th Cir. 1.06 (2011) (modified)

**Instruction No. 8**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Source: Model Civ. Jury Inst. 8th Cir. 2.01 (2011)

**Instruction No. 9**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you at the beginning of and during the trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, all instructions, whenever given and whether in writing or not, must be followed.

Source:  Model Civ. Jury Inst. 8th Cir. 3.01 (2011)

**Instruction No. 10**

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

Source:  Model Civ. Jury Inst. 8th Cir. 3.02 (2011)

**Instruction No. 11**

In weighing the evidence in this case, you have a right to consider the common knowledge possessed by all of you, together with the ordinary experiences and observations in your daily affairs of life.

Source:          South Dakota Pattern Jury Instructions 1-30-20

**Instruction No. 12**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

Source: Model Civ. Jury Inst. 8th Cir. 3.03 (2011)

**Instruction No. 13**

If you believe that any witness testifying in this case has knowingly sworn falsely to any material matter in this case, then you may reject all of the testimony of the witness.

Source:  South Dakota Pattern Jury Instructions 1-30-30

**Instruction No. 14**

During the trial, certain evidence was presented to you by deposition. The witness testified under oath at the deposition, just as if the witness were in court, and you should consider this testimony together with all other evidence received.

Source:  South Dakota Pattern Jury Instructions 1-30-40

**Instruction No. 15**

      A witness may qualify as an expert and give an opinion on a matter at issue if the witness has special knowledge, skill, experience, training, or education concerning the matter on which the expert testifies.  In deciding the weight to give to the opinion, you should consider the expert's qualifications, credibility, and reasons for the opinion.  You are not bound by the opinion.  If you decide that the reasons for the expert's opinion are unsound, or that other evidence outweighs the opinion, you may disregard the opinion entirely.

Source:  South Dakota Pattern Jury Instructions 1-30-50

**Instruction No. 16**

The issues to be determined by you in this case are these:

First, was the defendant negligent?

If you find the defendant was not negligent, you will return a verdict for the defendant. If you find the defendant was negligent, you have a second issue to determine, namely:

Was that negligence a legal cause of any injury to the plaintiff?

If you find the defendant's negligence was not a legal cause of plaintiff's injury, plaintiff is not entitled to recover and you will return a verdict for the defendant.

If you find defendant's negligence was a legal cause of plaintiff's injury, you then must find on a third issue:

Was the decedent, Thomas Skrovig, also negligent?

If you find that the decedent was not negligent, you then must fix the amount of plaintiff's damages and return a verdict for the plaintiff.

If you find that the decedent was also negligent, you then must determine a fourth issue, namely:

Was that negligence a legal cause of the plaintiff's injury?

If you find that it was not a legal cause of plaintiff's injury, you then must fix the amount of plaintiff's damages and return a verdict for the plaintiff.

If you find that decedent's negligence did contribute as a legal cause of plaintiff s injury, the plaintiff may still recover if the jury should find that such contributory negligence of the decedent was slight in comparison with the negligence of the defendant. If you find that the decedent is contributorily negligent, but that such negligence is under the circumstances slight in comparison with the defendant's negligence, the plaintiff is still entitled to recover, but the damages to be awarded plaintiff must be reduced in proportion to the amount of the decedent's

contributory negligence.  If you find that such contributory negligence of the decedent is more than slight in comparison with the negligence of the defendants, the plaintiff cannot recover.

As indicated in this instruction, you should first determine the question of liability before you undertake to fix an amount that would compensate for damage, if any, found to have been suffered.

Source:  South Dakota Pattern Jury Instructions 1-50-20 (modified)

**Instruction No. 17**

Your verdict depends on whether you find certain facts have been proved by the greater weight of the evidence. In order to find that a fact has been proved by the greater weight of the evidence, you must find that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable.

You have probably heard of the phrase "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

Source: Model Civ. Jury Inst. 8th Cir. 3.04 (2011)

**Instruction No. 18**

Negligence is the failure to use reasonable care.  It is the doing of something which a reasonable person would not do, or the failure to do something which a reasonable person would do, under facts similar to those shown by the evidence.  The law does not say how a reasonable person would act under facts similar to those shown by evidence.  This is for you to decide.

Source:  South Dakota Pattern Jury Instructions 20-20-10

**Instruction No. 19**

Because the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved in what is being done, it follows that the amount of caution required in the use of ordinary care will vary with the nature of what is being done, and all the surrounding circumstances shown by the evidence in the case. To put it another way, any increase in foreseeable danger requires increased care.

Source: Fed. Jury Prac. and Inst. § 120.12 (5th Ed.) (2011)

**Instruction No. 20**

A railroad owes a duty of ordinary care to the public. As a result, a railroad is required to take precautions to prevent injury to crossing motorists if a reasonable person in the railroad's position would take such precautions.

Source: *Boomsma v. Dakota, Minnesota & Eastern R.R. Corp.*, 651 N.W.2d 238, 244 (S.D. 2002) (*overruled on other grounds by State v. Martin*, 683 N.W.2d 399, 411 (S.D. 2004)).

**Instruction No. 21**

The term "legal cause" means an immediate cause which, in the natural or probable sequence, produces the injury complained of. For legal cause to exist, the harm suffered must be a foreseeable consequence of the act complained of. In other words, liability cannot be based on mere speculative possibilities or circumstances and conditions remotely connected to the events leading up to an injury. The defendant's conduct must have such an effect in producing the harm as to lead reasonable people to regard it as a cause of the plaintiff's injury.

Source:  South Dakota Pattern Jury Instructions 20-10-20

**Instruction No. 22**

The plaintiff alleges that the defendant is liable to her based upon the negligence of defendant's employees. Defendant's employees, namely Dwight Wise and Randy Miller, were agents of BNSF Railway Company at the time of the grade crossing accident on August 21, 2007. Therefore, any act or omission of defendant's employees at that time is considered the act or omission of the defendant.

Source: South Dakota Pattern Jury Instructions 30-50-160 (modified).

## Instruction No. 23

If you decide for the plaintiff on the question of liability you must then fix the amount of money which will reasonably and fairly compensate the surviving spouse and children of Thomas Skrovig for any pecuniary loss proven by the evidence as a result of the death of Thomas Skrovig.

In determining pecuniary loss, you may consider what benefits of pecuniary value, including money, goods and services, the surviving spouse and children of Thomas Skrovig might reasonably have expected to receive from the decedent had he lived, bearing in mind the following:

(1)     The decedent's contributions in the past;

(2)     The decedent's life expectancy at the time of death;

(3)     The decedent's health, age, habits, talents and success;

(4)     The decedent's occupation;

(5)     The decedent's past earnings;

(6)     The decedent's likely future earnings; and prospects of bettering himself had he lived; less the amount he would have consumed, that is the decedent's personal living expenses and the amounts he customarily spent on himself;

(7)     The decedent's contributions to services in the home;

(8)     The decedent's legal obligations to support the surviving spouse and children and the likelihood of fulfilling those obligations;

(9)     All reasonable expenses incurred for a funeral and for burial or other disposition of the decedent's body;

(10)    The instruction, moral training and superintendence of education decedent might reasonably have given the decedent's children had the decedent lived;

(11)    The counsel, guidance and aid decedent would reasonably have given his surviving spouse and children had the decedent lived;

(12)    The life expectancy, health and physical condition of the surviving spouse and children; and

(13)     The loss of advice, assistance, companionship, society and protection the
         decedent would reasonably have given his surviving spouse had the decedent
         lived.

Source:  South Dakota Pattern Jury Instructions 50-30-10 (modified)

**Instruction No. 24**

The plaintiff, Tami Skrovig, brings this action in a purely representative capacity, as the Personal Representative of the Estate of Thomas Skrovig, deceased, and this action is for the exclusive benefit of Tami Skrovig, wife of the decedent, Jeffrey Skrovig, son of the decedent, Renae Jensen, daughter of the decedent, and Brian Skrovig, son of the decedent. They are the real parties in interest whose damages you are to determine if you decided for the plaintiff.

If you return a verdict for the plaintiff, it should be a single sum representing the pecuniary loss of all of the decedent's heirs. It is the duty of the court to divide that sum between them.

Source: South Dakota Pattern Jury Instructions 50-30-50 (modified).

# Instruction No. 25

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans.  You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.[1]

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.  [The form reads:  (read form)].  You will take this form to the jury room, and when each of

you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise

the marshal or bailiff that you are ready to return to the courtroom.

Source:  Model Civ. Jury Inst. 8th Cir. 3.06 (2011)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| TAMI SKROVIG, as Personal Representative of the Estate of THOMAS JEFFREY SKROVIG, deceased, | CIV. 10-4022 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S VERDICT FORM** |
| BNSF RAILWAY COMPANY, a Delaware corporation, | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

We the jury, duly impaneled in the above-entitled action and sworn to try the issues

herein, find for the plaintiff and award plaintiff damages in the sum of $ _____.


Dated this _____ day of _____, 2012.


_____
Foreperson

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Tami Skrovig, as Personal Representative of the Estate of Thomas Jeffrey Skrovig, deceased, hereby certifies on this 12th day of March, 2012, I caused the following document:

♦ **Plaintiff's Proposed Jury Instructions**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-mail notice of the electronic filing to the following:

>Thomas C. Sattler
>WOLFE, SNOWDEN, HURD, LUERS & AHL, LLP
>Wells Fargo Center
>1248 "O" Street, Suite 800
>Lincoln, NE 68508-1424

>*Attorneys for Defendant*

>*/s/ Shane E. Eden*_____
>Shane E. Eden