UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| TAMI SKROVIG, as Personal Representative of the Estate of Thomas Jeffrey Skrovig, deceased, | ) ) ) ) | CIV. 10-4022 |
| Plaintiff, | ) ) ) | ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION FOR AN INTERLOCUTORY APPEAL AND |
| vs. | ) ) | DENIAL OF DEFENDANT'S ALTERNATIVE MOTION FOR |
| BNSF RAILWAY COMPANY, a Delaware corporation, | ) ) ) | SEPARATE TRIAL |
| Defendant. | ) | |

Defendant moves to amend the court's order denying defendant's motion for summary judgment (Docket 116) to include certification allowing an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (Docket 120). Defendant also moves to stay all proceedings of the district court, including the jury trial presently set to commence on April 23, 2012, until the United States Court of Appeals for the Eighth Circuit decides defendant's request for an interlocutory appeal, and, if granted, until such time as the Court of Appeals issues its mandate following the appeal.  Id.  In the alternative, defendant moves for a separate trial pursuant to Fed. R. Civ. P. 42(b) on the legal question of its federal preemption defenses.  Id.  Plaintiff opposes defendant's motions.  (Docket 146).

Interlocutory appeals are governed by 28 U.S.C. § 1292.  The Eighth Circuit has jurisdiction over interlocutory appeals:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (italics in original). "It has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants. Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). "In accordance with this policy, § 1292(b) 'should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases.'" Id. (citing S. Rep. No. 2434, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5260).

"Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the

2

litigation." Id. (internal citation and quotation marks omitted).  The court addresses each of these criteria separately.

1.   **THE ORDER INVOLVES A CONTROLLING QUESTION OF LAW**

The court concludes this case does not involve a controlling question of law.  The court's order denying defendant's motion for partial summary judgment (Docket 116) properly recognized and considered the law of the case.  Defendant's argument the court improperly interpreted the controlling law is simply misguided.

2.   **THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION**

The court carefully analyzed all of the cases cited by defendant in support of its motion for summary judgment.  In arriving at its order denying partial summary judgment, the court concluded the train and train car collision cases cited by defendant were not helpful in the analysis of federal preemption regarding collisions involving on-track maintenance equipment.  In its brief in support of the request for interlocutory appeal certification, defendant refers to Jacobsen v. BNSF Railway Co., No. 1:11-CV-01003, 2011 WL 6099389 (D.S.D. Dec. 7, 2011).  (Docket 121 at p. 3).  Jacobsen is not helpful in the analysis of the issues in the present litigation.  Jacobsen involved a "low-profile flatbed railroad car" in the middle of a stopped train.  Id. at 2011 WL 6099389 at *2.  Plaintiff's negligence claims in Jacobsen were "(1) failed to sufficiently warn plaintiff of the train's

presence at the crossing, (2) caused the railcar to block the crossing, and (3) failed to apply sufficient reflectorized material to the railcar." Id. at 2011 WL 6099389 at *3.  Each of those claims were preempted by the Federal Railroad Safety Act ("FRSA").  Id. at 2011 WL 6099389 at *4.

In the same fashion, defendant's citation to Cearley v. General American Transportation Corporation, 186 F.3d 887 (8th Cir. 1999) is not useful in a case involving on-track mainteance equipment.  (Docket 121 at p. 4).  Cearley involved a "tank car without underframe."  Id. at 889.  As the Eighth Circuit pointed out, there was a specific federal regulation controlling the construction of "tank cars without underframes."  Id. at 891.  Because of the specific regulation covering the tanker, the court held "that appellees' state law claims, based upon the allegedly inadequate safety features of the tank car platform, including the safety railing, are preempted by federal law."  Id. at 893.

Defendant's argument ignores the court's analysis of the FRSA and its implementing regulations which allow railroad companies to adopt additional requirements for the operation of maintenance equipment other than trains.  See Docket 116 at pp. 15-24.  The court has not been presented with any case directly dealing with issues similar to the present litigation.  White, 43 F.3d at 378.  Defendant's arguments do not create a

4

substantial ground for a difference of opinion justifying an interlocutory appeal.

**3.   CERTIFICATION WILL MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION**

An interlocutory appeal from the court's order denying partial summary judgment, even if successful, would not "materially advance the ultimate termination of the litigation." <u>White</u>, 43 F.3d at 376.  Plaintiff's claims related to the speed of the ballast regulator, Mr. Wise's failure to slow down and stop the ballast regulator prior to entering the crossing, his use of a warning horn, his failure to keep and maintain a proper lookout, and his failure to keep the ballast regulator under proper control to avoid the collision remain for trial.  <u>See</u> Docket 116 at p. 9 n. 7.  These claims are outside the scope of BNSF's preemption defense.

Defendant fails to satisfy its "heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." <u>White</u>, 43 F.3d at 376.

**4.   DEFENDANT'S MOTION FOR SEPARATE TRIAL ON PREEMPTION**

In the alternative, BNSF requests the court grant a separate trial on federal preemption.  (Docket 120 at p. 3).  BNSF argues it "must necessarily offer all evidence relevant to its defense of federal preemption." (Docket 121 at p. 12).

5

In filing its motion for partial summary judgment, BNSF was required to provide the court with all evidence in support of the motion. The court considered all defendant's evidence and concluded partial summary judgment should be denied on the federal preemption issue. (Docket 116). Federal preemption is a legal question the court has resolved and is not a proper issue for consideration by a jury. Surrick v. Killion, 449 F.3d 520, 528 (3d Cir. 2006) ("The question presented is . . . one of federal preemption, which is predominantly legal."). The law-of-the-case doctrine "requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." Murphy v. FedEx. National LTL, Inc., 618 F.3d 893, 905 (8th Cir. 2010).

Defendant's motion for a separate trial on federal preemption is denied.

Based on this analysis, it is hereby

ORDERED that defendant's motion (Docket 120) is denied in its entirety.

Dated March 30, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE