UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TAMI SKROVIG, as Personal Representative of the Estate of Thomas Jeffrey Skrovig, Deceased,<br><br>        Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware Corporation,<br><br>        Defendant. | CIV 10-4022-JLV<br><br>DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR STAY OF EXECUTION ON JUDGMENT AND WAIVER OF SUPERSEDEAS BOND |

Defendant BNSF Railway Company ("BNSF") respectfully moves this Court, pursuant to F. R. Civ. P. 62(b), for an order staying proceedings to enforce the judgment of this Court entered on May 2, 2012 (Dkt. No. 193), pending the adjudication of BNSF's post-trial motions and, if necessary, pending an appeal to the United States Court of Appeals for the Eighth Circuit, and moves for an order waiving the bond requirement.

### ARGUMENT

The Federal Rules of Civil Procedure grant this Court discretion to stay execution of the judgment entered herein. In particular, Rule 62(b) permits the Court to stay execution of a judgment pending disposition of post-trial motions "[o]n appropriate terms for the opposing party's security." Likewise, Rule 62(d) allows the court to stay execution of a judgment pending the disposition of an appeal. While Rule 62 contemplates that a litigant must post a bond to warrant a stay, the rule permits the Court in its discretion to waive the requirement of a bond. *Northern Indiana Public Svc. v. Carbon County Coal*, 799 F.2d 265, 281 (7th Cir. 1986); *Federal Prescription Serv. v.*

*American Pharmaceutical Ass'n*, 636 F.2d 755, 761 (D.C. Cir. 1980); *Yankton Sioux Tribe v. S. Missouri Waste Mgmt. Dist.*, No. CIV 94-4217, 1995 U.S. Dist. LEXIS 9703, at *3 (D. S.D. June 30, 1995).

When determining whether to waive the posting of bond, the district court may look to several criteria, including "the degree of confidence that the district court has in the availability of funds to pay the judgment" and "whether 'the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money.'" *Dillon v. Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1989); *see also Federal Prescription Serv.*, 636 F.2d at 761 (upholding waiver of bond requirement where net worth of judgment debtor was 47 times amount of judgment).

Thus, where, as here, the judgment debtor "is highly solvent and it appears that payment can be made quickly after a loss on appeal, the court[s] ha[ve] readily decided to waive this requirement." 12 Moore's Federal Practice - Civil § 62.03 (citing cases); *see, e.g.*, *Pins v. State Farm Fire & Cas. Co.*, No. CIV 04-4027, 2006 U.S. Dist. LEXIS 23178, at *2-3 (D. S.D. Mar. 22, 2006) (waiving bond requirement against State Farm, citing *Dillon*, 866 F.2d at 905 for proposition that "waiver of bond requirement upheld where there was proof that payment upon loss of appeal would be made from guaranteed source").

BNSF is financially capable of paying the $2 million judgment entered here. BNSF is a wholly owned subsidiary of Berkshire Hathaway Inc. and one of seven North American Class I railroads and the second-largest freight railroad network in North America. Last year BNSF's operations generated a net railway operating income of

over $3 billion.[1]  In these circumstances, BNSF's ability to pay the "judgment is so plain that the cost of a bond would be a waste of money."  *Dillon*, 866 F.2d at 905.  Further, BNSF will file a motion for judgment as a matter of law pursuant to F. R. Civ. P. 50(b) and a motion for new trial pursuant to Rule 59 on or before the May 30 due date.  Accordingly, BNSF respectfully requests that this Court stay execution of the judgment and waive the bond requirement pending disposition of BNSF's post-trial motions and, if necessary, appeal.

## CONCLUSION

BNSF respectfully requests that the Court stay execution of the judgment pending disposition of BNSF's motion for judgment as a matter of law pursuant to Rule 50(b) and motion for a new trial pursuant to Rule 59.  In the alternative, if the Court does not grant this motion for stay without a bond, BNSF respectfully requests that the Court enter a stay for a period of 60 days or a time period that the Court deems appropriate, to allow BNSF to obtain a bond or other sufficient collateral in order to be entitled to a stay.

---

[1] *See* Surface Transportation Board, Annual Report Financial Data, available at *http://www.stb.dot.gov/econdata.nsf/f039526076cc0f8e8525660b006870c9/f5521d 8454c43da6852579db004c6c11?OpenDocument* (last accessed May 21, 2012).

3

Respectfully submitted,

BNSF RAILWAY COMPANY, Defendant

By: *s/ Thomas C. Sattler*
Thomas C. Sattler
Nichole S. Bogen, *pro hac vice*
WOLFE, SNOWDEN, HURD,
  LUERS & AHL, LLP
Wells Fargo Center
1248 "O" Street, Suite 800
Lincoln, NE 68508
T: (402) 474-1507
tsattler@wolfesnowden.com
nbogen@wolfesnowden.com

Dated: May 24, 2012

### CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2012, I electronically filed the foregoing ***Defendant's Brief in Support of Stay of Execution of Judgment and Waiver of Supersedeas Bond*** with the Clerk of the Court using CM/ECF system which sent notification of such filing to the following:

Shane E. Eden
Edwin E. Evans
Davenport, Evans, Hurwitz, & Smith, LLP
206 West 14th Street
P.O. Box 1030
Sioux Falls, SD 57101-1030
SEE@dehs.com
eevans@dehs.com
*Attorneys for Plaintiff*

*s/ Thomas C. Sattler*
Thomas C. Sattler