UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| TAMI SKROVIG, as Personal Representative of the Estate of Thomas Jeffrey Skrovig, deceased, | ) ) ) ) | CIV. 10-4022 |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) | |
| BNSF RAILWAY COMPANY, a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

On May 24, 2012, defendant BNSF Railway Company ("BNSF") filed a motion for stay of execution on judgment and a motion for waiver of supersedeas bond. (Docket 207). Plaintiff Tami Skrovig ("Skrovig") objects to both motions. (Docket 209). On May 2, 2012, following an eight-day jury trial, the jury returned a verdict for plaintiff in the amount of $2,000,000. (Docket 192). That same day, the court entered judgment in favor of Skrovig and against BNSF for that amount. (Docket 193). On June 28, 2012, the court entered an amended judgment including prejudgment interest. (Docket 217). BNSF argues the court should enter a stay of execution on the judgment pursuant to Fed. R. Civ. P. 62 pending resolution of defendant's post-trial motions and during the pendency of any appeal to the United States Court of Appeals for the Eighth Circuit. (Docket 207). BNSF's motion also requests the court waive any bond requirement as a

condition precedent to a stay.  Id.  As an alternative, BNSF requests a 60-day stay to allow it to obtain a supersedeas bond.  (Docket 207).

Rule 62 directs a stay of execution is permitted "[o]n appropriate terms for the opposing party's security . . . pending disposition of any of the following motions: (1) under Rule 50, for judgment as a matter of law; . . . [or] (3) under Rule 59, for a new trial . . . ."  Fed. R. Civ. P. 62(b).  BNSF filed a Rule 50(b) motion and a Rule 59 motion on May 30, 2012.  (Docket 211).

BNSF argues it is "financially capable of paying the $2 million judgment . . . . In these circumstances, BNSF's ability to pay the 'judgment is so plain that the cost of a bond would be a waste of money.' "  (Docket 208 at pp. 2-3) (citing Dillon v. City of Chicago, 866 F.2d 902, 905 (7th Cir. 1989).  BNSF is a wholly owned subsidiary of Berkshire Hathaway, Inc., and last year generated a net railway operating income of over $3 billion.  Id.

Plaintiff proposed to BNSF that Skrovig would not oppose defendant's motion "under the condition that BNSF . . . agrees to pay any judgment affirmed on appeal, together with any pre-judgment and taxable costs awarded by the federal district and appellate courts, and post-judgment interest as provided by law within 30 days of the appellate court's decision." (Docket 210-1).  If BNSF agreed to this arrangement, plaintiff authorized defendant to report to the court that Skrovig would not oppose BNSF's motion. Id.  Rather than accept plaintiff's terms, BNSF filed the present

2

motions and advised the court Skrovig opposed the motions.  (Docket 207 at p. 2).

The United States Court of Appeals for the Seventh Circuit decided some of the leading cases on waiver of a supersedeas bond.  See Dillion, 866 F.2d 902; Northern Indiana Public Service Co. v. Carbon County Coal Co., 799 F.2d 265 (7th Cir. 1986); Lightfoot v. Walker, 797 F.2d 505 (7th Cir. 1986); and Olympia Equipment v. Western Union Telegraph Co., 786 F.2d 794 (7th Cir. 1986).  Other frequently cited decisions on the appeal bond issue are Federal Prescription Service, Inc. v. American Pharmaceutical Association, 636 F.2d 755 (D.C. Cir. 1980) and Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189 (5th Cir. 1979).

"Rule 62(d)[1] only operates to provide that an appellant in all cases may obtain a stay as a matter of right by filing a supersedeas bond, and does not prohibit the district court from exercising a sound discretion to authorize unsecured stays in cases it considers appropriate."  Fed. Prescription Serv., Inc., 636 F.2d at 757-58 (citing Popular Grove Planting & Refining Co., 600 F.2d at 1191 ("court has discretion to require less than

---

[1]"If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal . . . . The stay takes effect when the court approves the bond."  Fed. R. Civ. P. 62(d). See also Fed. R.  App. P. 8(a) ("A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment . . . pending appeal; [and] (B) approval of a supersedeas bond . . . .").

full supersedeas bond where judgment debtor presents adequate alternative assurances or where a full bond would mean undue financial burden and court can restrain judgment debtor's financial dealings to provide alternative form of security for judgment creditor") (other citations omitted). "Rule 62(d) entitles the appellant who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right. . . . But the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay.  It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion."  Fed. Prescription Serv., Inc., 636 F.2d at 759 (referencing American Manufacturers Mutual Insurance Co. v. American Broadcasting Paramount Theatres, Inc., 385 U.S. 931 (1966) (Harlan, J., Circuit Justice).

The court is vested with discretion to determine whether a supersedeas bond should be required.

> The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution.  Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable. In unusual circumstances, however, the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery.

Id. at 760-61. "[T]he amount of the [supersedeas] bond usually will be set in an amount that will permit satisfaction of the judgment in full, together with costs, interest, and damages for delay . . . ." Wright, Miller & Kane, Federal Practice and Procedure Civil § 2905 at p. 522. "[A] supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." Poplar Grove Planting & Refining Co., 600 F.2d at 1191. "If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond." Id. "Responsibility for deciding whether to require a bond as a condition of staying execution of the judgment pending appeal is vested initially in the district judge, and we shall reverse his decision only if convinced that he has acted unreasonably." Dillon, 866 F.2d 904 (citing Lightfoot, 797 F.2d at 507).

Criteria the court may examine in deciding whether to waive a supersedeas bond in the context of a civil money judgment include:

(1)  the complexity of the collection process;

(2)  the amount of time required to obtain a judgment after it is affirmed on appeal;

(3)  the degree of confidence that the district court has in the availability of funds to pay the judgment . . . ;

(4)  whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money . . .; and

(5)  whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position . . . .

Id. at 904-05 (internal citations and quotation marked omitted).  Other factors the court finds relevant are: "(1) whether the stay applicant has made a strong showing he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; . . . and (4) where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 775 (1987).  The court considers each of these criteria which it finds significant in this case.

**WHETHER BNSF HAS MADE A STRONG SHOWING IT IS LIKELY TO SUCCEED ON THE MERITS**

BNSF filed a Rule 50(b) motion for judgment as a matter of law and, alternatively, a Rule 59 motion for a new trial.  (Docket 211).  Having heard the evidence at trial, the court is not convinced defendant is likely to succeed on the merits of either motion.

**COMPLEXITY OF THE COLLECTION PROCESS**

A $2 million judgment, while seemingly insignificant in comparison to BNSF's financial representation to the court, undoubtedly requires more than simply locating a bank account upon which to levy and execute.  BNSF

6

"does not say where [its] assets are located, whether they are liquid or easily liquidated or otherwise give any indication that the collection process will not be lengthy and complicated." Sorrano v. New York Life Insurance Co., 96 C 7822, 2006 WL 1005902 (N.D. Ill. Apr. 13, 2006). It also is of some concern to the court BNSF would not agree to plaintiff's proposed terms for waiver of a supersedeas bond. Each damages element included in plaintiff's proposal is properly a component in calculating the amount of a supersedeas bond. Additionally, a bond must be available for satisfaction of the judgment upon final resolution of the appeal process. "If a party gives security in the form of a bond . . . with one or more sureties, each surety submits to the jurisdiction of the district court and irrevocably appoints the district clerk as the surety's agent on whom any papers affecting the surety's liability on the bond . . . may be served. On motion, a surety's liability may be enforced in the district court without the necessity of an independent action. . . ." Fed. R. App. P. 8(b). BNSF does not propose a mode of payment, such as the creation of a segregated fund which guarantees payment of the judgment, without the "cumbersome and time-consuming" process necessarily involved in a levy and execution proceeding. See Dillion, 866 F.2d at 905.

BNSF's lack of a response to plaintiff's proposal regarding waiver of a supersedeas bond "[has] created genuine uncertainty as to the likelihood

7

and manner of payment of the judgment." Southeast Booksellers

Association v. McMaster, 233 F.R.D. 456, 460 (D.S.C. 2006). "Thus, the

[first] factor[] do[es] not weigh in favor of waiving the bond." Sorrano, 2006

WL 1005902.

### THE DEGREE OF CONFIDENCE THAT THE DISTRICT COURT HAS IN THE AVAILABILITY OF FUNDS TO PAY THE JUDGMENT

This factor requires BNSF "to provide assurance that funds will

actually be available to pay the judgment, should it lose on appeal. Such

assurance can be provided by, among other things, evidence of a previously

appropriated fund or secure account for the payment of judgments, a

history of paying judgments expeditiously, circumstances that strongly

suggest the appellant cannot or will not 'place its assets beyond the reach of

[the] judgment creditor' or the offer of some other security." Id. (citing

Dillon, 866 F.2d at 905). BNSF presents no evidence as to "its future ability

to respond to the judgment. [BNSF] has not shown a financially secure plan

for maintaining solvency during appeal, such that the cost of the bond is

simply a 'waste of money.'" Halliburton Energy Services, Inc. v. NL

Industries, Inc., H–05-4160 & H-06-3504, 2008 WL 2787247 (S.D. Texas

July 16, 2008). BNSF offers no other assurances for prompt, full payment

in the event the judgment is affirmed on appeal. Sorrano, 2006 WL

1005902.

## WHETHER BNFS'S ABILITY TO PAY THE JUDGMENT IS SO PLAIN THAT THE COST OF A BOND WOULD BE A WASTE OF MONEY

BNSF argues as one of the seven North American Class I railroads and the second-largest freight railroad network in North America, its "ability to pay the judgment is so plain that the cost of a bond would be a waste of money." (Docket 208 at pp. 2-3) (internal quotation marks omitted) (referencing Dillon, 866 F.2d at 905).  This is the sole focus of BNSF's argument for waiver of a supersedeas bond.  The argument is basically BNSF is a huge American company with income in the billions of dollars so it should not be bothered with securing a supersedeas bond.

"As the newspaper regularly reminds us, . . . even Fortune 500 companies can engage in questionable accounting practices, be forced to restate their financials and declare bankruptcy.  Given the prevailing business climate, a copy of [BNSF's] financial statements and a promise that it is 'good for' any judgment is not enough to secure waiver of the bond." Sorrano, 2006 WL 1005902 at *2.  "Sometimes, it is true, a corporation emerges from bankruptcy with all creditors paid . . . . But this is rare . . . ." Olympia Equipment, 786 F.2d 797.  While the court has no doubt about BNSF's ability to pay the full amount of the judgment today, the court has no crystal ball to predict what the future may hold 18 to 24 months from now when the appellate process may be completed.  Given the uncertainties

9

of national and international political and economic realities, a supersedeas bond is the assurance plaintiff requires to secure her judgment.

**WHETHER BNFS WILL BE IRREPARABLY INJURED ABSENT A STAY**

Posting a supersedeas bond will not create an undue financial burden on BNSF.  In 2011, BNSF's net railway operating income was over $3 billion.  (Docket 208 at pp. 2-3).

**WHERE THE PUBLIC INTEREST LIES**

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Poplar Grove Planting & Refining Co., 600 F.2d at 1190-91.  "A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal. At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." Id.

The court finds the public interest favors a supersedeas bond to secure plaintiff's judgment.  A supersedeas bond will assure finality of the jury's verdict if the judgment is affirmed on appeal.  BNSF has not satisfied its burden of proof to justify waiver of a supersedeas bond.

10

## AMOUNT OF BOND

The supersedeas bond posted by BNSF to secure a stay of execution of the judgment pursuant to Rule 62 must include the amount of the amended judgment, together with costs awarded by the Clerk of Court and post-judgment interest pursuant 28 U.S.C. § 1961(a).  For purposes of the supersedeas bond, post-judgment interest should be calculated for 18 months because of the uncertain completion date of the appeal process.

### ORDER

Based on the above analysis, it is hereby

ORDERED that defendant's motion (Docket 207) is granted in part and denied in part.

IT IS FURTHER ORDERED that BNSF Railway Company's motion for a stay of execution on the judgment pursuant to Fed. R. Civ. P. 62, pending resolution of defendant's post-trial motions, including any appeal to the United States Court of Appeals for the Eighth Circuit, is granted subject to BNSF Railway Company's compliance with the remaining provisions of this order.

IT IS FURTHER ORDERED that on or before 60 days following entry of this order BNSF Railway Company shall post a supersedeas bond as contemplated by Fed. R. Civ. P. 62(d) and Fed. R. App. P. 8(a) with sufficient

sureties to secure plaintiff's judgment including pre and post judgment interest and costs.

Dated June 28, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE